**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01211-REB-KMT

WEST RIDGE GROUP, LLC, a Colorado limited liability company,
DENNIS L. YOKOBSON, and
PATRICIA A. ANSELMO,

    Plaintiffs,

v.

PHILLIP ERNEST ANSELMO,

    Defendant.

**ORDER DISCHARGING ORDER TO SHOW CAUSE
AND REMANDING CASE TO STATE COURT**

**Blackburn, J.**

This matter is before me on defendant's **Response to Show Cause Order of 5-28-10** [#10] entered June 7, 2010. Defendant removed this case from the District Court of Montrose County, Colorado, on May 26, 2010. Because it appeared from the complaint and removal papers that there was neither complete diversity of citizenship nor a federal question presented on the face of plaintiffs' complaint, I ordered defendant to show case why the case should not be dismissed for lack of federal subject matter jurisdiction. (*See* **Order To Show Cause** [#9] entered May 28, 2010.) *See also Tuck v. United Services Automobile Association*, 859 F.2d 842, 844 (10th Cir. 1988) ("[T]he rule ... is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction . . . in all cases where such jurisdiction does not affirmatively appear in the record."), **cert. denied**, 109 S.Ct. 1534 (1989) (citation and internal quotation marks omitted). Defendant's response to that order discharges his

obligations in that regard.  Nevertheless, because his response fails to circumsubstantiate the existence of federal subject matter jurisdiction on any basis, I remand this action to the state district court from which it was improvidently removed.

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  As the party seeking to invoke federal jurisdiction, the burden of proof is on defendant to establish that removal is proper.  **Karnes v. Boeing Co.**, 335 F.3d 1189, 1193 (10th Cir. 2003).  Thus, defendant must show that plaintiffs' complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  **Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California**, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

Defendant's notice of removal asserts federal subject matter jurisdiction on the basis of counterclaims and third-party claims[1] purportedly brought pursuant to various federal statutes, primarily the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  (**See Civil Answer and Counter and Cross Complaint Notice of Removal** ¶¶ 8-10 at 3 [#1], filed May 26, 2010.)  As I noted previously, however, the well-pleaded complaint rule prevents a finding of federal subject matter jurisdiction on the basis of such counterclaims and third-party claims.  (**See Order To Show Cause** at 1 [#9] entered May 28, 2010 (citing **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987), **and Garley v. Sandia Corp.**, 236 F.3d 1200,

---

[1] Improperly designated as "cross claims" in the removal notice.

2

1207 (10th Cir. 2001)). Perhaps sensing my incredulity, defendant does not argue to the contrary in response to the show cause order, but rather invokes a different exception to the well-pleaded complaint rule, arguing that federal subject matter jurisdiction is appropriate because plaintiffs' claims involve resolution of a substantial issue of federal law. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312-13, 125 S.Ct. 2363, 2366-67, 162 L.Ed.2d 257 (2005).

As currently interpreted by the Supreme Court, the substantial question exception is available only when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*, 125 S.Ct. at 2368. Defendant's apparent assumption that *Grable* stands for the proposition that *any* assertion of a claim potentially implicating federal tax law issues necessarily will support federal question jurisdiction reads too much into the decision. *See id.* at 2367 ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). Moreover, the difference between this case and *Grable* is readily apparent. The federal tax issue in *Grable* was implicated necessarily by the plaintiff's claim to quiet title, which was premised on an assertion that the IRS failed to provide adequate notice as required by federal law. *Id.* Plaintiffs' claims here do not invoke, either explicitly or by necessary implication, federal tax law issues. Such issues arise, if at all, only in connection with defendant's

3

anticipated defense to plaintiffs' claims.  A federal law defense, however, is an insufficient basis to support federal removal jurisdiction.  **See Caterpillar, Inc.**, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); **see also Nicodemus v. Union Pacific Corp**., 440 F.3d 1227, 1232 (10th Cir. 2006) (en banc).  Accordingly, I find and conclude that removal on the basis of federal question jurisdiction was improper.

As for his allegations of diversity jurisdiction, defendant's response to the show cause order provides no more evidence than did the notice of removal itself to support his *ipse dixit* that plaintiffs' allegations of Colorado residency are fallacious.  **See McPhail v. Deere & Co.**, 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a preponderance of the evidence.") (citation and internal quotation marks omitted); **United States ex rel. Hafter v. Spectrum Emergency Care, Inc.**, 190 F.3d 1156, 1160 (10th Cir. 1999) ("Mere conclusory allegations of jurisdiction are not enough.").  Moreover, even if defendant had substantiated his residency claims as to the individual plaintiffs, he has failed to address the fact that the corporate plaintiff is a Colorado limited liability company, which destroys complete diversity of citizenship *per se*.[2]  **See McPhail**, 529

---

[2] By his notice of removal, defendant appears to have attempted to realign the parties such that West Ridge Group, LLC, is the party defendant and defendant himself is not named individually at all, but only appears as the attorney for the LLC.  This question obviously goes to the merits of the case and cannot be imposed by defendant absent proper motion and court approval.  **See Indianapolis v. Chase National Bank**, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.") (citation and internal quotation marks omitted).

F.3d at 951 (citing **Strawbridge v. Curtis**, 7 U.S. (3 Cranch) 267, 267-68, 2 L.Ed. 435 (1806)). For this reason, defendant has failed to show that federal subject matter jurisdiction is proper on the basis of 28 U.S.C. § 1332 as well.

Thus, this case will be remanded to the state District Court of Montrose County from which it was removed. It has not escaped my attention that defendant appears to have employed removal here as a tactic to attempt to evade the duly entered orders of the state court. (*See* **Notice of Removal** [#1-6] filed May 26, 2010 (temporary restraining order issued against defendant on May 21, 2010).) Defendant is fortunate that plaintiffs did not seek attorney fees as provided by 28 U.S.C. § 1447(c), as I would have been inclined to exercise my discretion to award such fees under these facts. As it is, I caution defendant that further attempts to evade the effect of duly issued orders of the state court, which waste the time and resources of the parties and both the state and federal court systems, by frivolous assertions of federal jurisdiction may be met with appropriate sanctions.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#9] entered May 28, 2010, is **DISCHARGED**;

2. That this case is **REMANDED** to the District Court of Montrose County, Colorado (where it was originally filed as Case No. 10CV218).

Dated June 22, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

5